## HOUCK v. THE STATE OF OHIO.

*Court of appeals—Jurisdiction—Error proceedings from mayor's court—Leave to file petition previously refused by common pleas court—Intoxicating liquors—Unreasonable search and seizure—Facts warranting search of bootlegger's automobile—Liquor admissible in evidence, when—Section 6212-15, General Code.*

1. The court of appeals has jurisdiction in a proceeding in error direct from the mayor's court of a village, after the common pleas court has refused leave to file a petition in error.

2. Where the accused, who has a known reputation as a bootlegger, for the purpose of deceiving officers of the law, attempts to change the identity of his automobile, used in transporting intoxicating liquors, and is accustomed to transport liquor from a neighboring city and sell it in the village, and is alleged to be a persistent violator of the law and has been reported as such to an officer, and on the occasion in question was reported to the officer as having just come from the city, the officer, in searching his automobile after identifying it by license number, does not violate accused's constitutional guaranty against unreasonable search and seizure.

3. The whiskey found by the officer in the automobile upon such search may be used as evidence against accused in a prosecution for violation of the prohibition enforcement law. (Section 6212-15, General Code.)

(Decided February 4, 1922.)

ERROR: Court of Appeals for Warren county.

*Mr. H. E. Kreitzer,* for plaintiff in error.
*Mr. Chester W. Maple,* solicitor of the village of Lebanon, for defendant in error.

BY THE COURT. For some months prior to November 23, 1921, Edward F. Houck was reputed in

and around Lebanon, Ohio, to be a bootlegger, his method of operation being to transport liquor from the city of Dayton to sell in the village of Lebanon. The vehicle used in its transportation was a Ford automobile, sometimes equipped with a small truck body on the rear and on other occasions fitted with the body ordinarily found on a Ford runabout. The marshal of the village had been advised of Houck's business and methods, and one evening he found him in one of the alleys of the village, with his machine equipped as a truck. He there questioned him as to his business.

On the evening in question in this case the marshal received information that Houck had just come into town from Dayton. In making a search for him, he found the Ford, equipped as a runabout, on one of the public streets of the village. He identified it by the license tag, the number of which he had previously secured. He raised the cover of the rear deck, and found a sack. On opening it he discovered the bottles of whiskey set out in the affidavit on which the warrant for the arrest was secured.

The marshal did not have a search warrant before he lifted the deck of the rear of the car.

Houck was arrested, tried, found guilty and fined by the mayor of Lebanon on two separate charges, of possessing and transporting, in violation of the act for the prohibition of the liquor traffic. (Section 6212-15, General Code.) He applied to the court of common pleas for leave to file petitions in error from these judgments. That court refused the leave requested. He then applied to this court for leave to file petitions in error from the same judgments. The motion was granted.

The record here presents two questions of law for determination:

1. Has this court jurisdiction in a proceeding in error direct from the mayor's court of the village, after the court of common pleas has refused leave to file a petition in error?

2. Was the act of the marshal, above set out, a violation of Houck's constitutional guaranty against unreasonable search and seizure? If it was, the liquor should have been returned on his motion before the trial, and could not be used in evidence against him. If not, it could be properly used as evidence.

The only information before this court that an application was made to the court of common pleas for leave to file petitions in error was the statement of counsel to that effect. A request to a court that it take jurisdiction of a case, when it has authority to refuse, will not be held to preclude another court, having jurisdiction in the premises, from taking the case. Conceding for the purposes of this discussion, but not deciding, that the courts of common pleas and this court are courts of concurrent jurisdiction for the purpose of reviewing judgments for the violation of the prohibition act, it does not follow that the refusal to grant leave to file in one court would deprive the other court of jurisdiction of the case. While it is the law of Ohio that when courts have concurrent jurisdiction of a case the one first taking jurisdiction will retain it to the exclusion of all others, that rule is not applicable here. In *Canfield* v. *Brobst,* 71 Ohio St., 42, it was held that a ruling on an application for leave to file is not an order of the court of common pleas, made in an action, for the reason that the application for leave to file was

not an action, and the refusal of leave was not made
in an action. The application for leave to file a
petition in error cannot be dignified by the name of
a proceeding, special or otherwise. The plaintiff
in error sought to institute a proceeding. He could
do so only upon leave of the court of common pleas.
The asking leave is not a special proceeding and
does not become such until the door of the court
is open for its entrance. It is not entitled to a place
on any docket until leave is granted.

The motion to dismiss this cause will, therefore,
be overruled.

The constitutional guaranty against unreasonable
search and seizure, Section 14, Article I of the Ohio
Constitution, is stated in the following language:

"The right of the people to be secure in their per-
sons, houses, papers, and possessions, against un-
reasonable searches and seizures shall not be vio-
lated;   *   *   *."

The facts of this case clearly show that neither
Houck's person nor anything immediately connected
with him was searched, nor was his house, nor any-
thing connected with it, such as a barn, garage or
other building, in any way searched. The same is
true of his papers. The only possible claim that
he has to the protection of the constitutional guar-
anty arises from the word "possessions." An au-
tomobile comes within the constitutional provision
of possession. Now was the search unreasonable?

Under the facts in this case, namely, that Houck
was known to be in the business of transporting and
selling liquor in violation of the prohibition act, that
he changed the appearance of his automobile for the
purpose of deceiving the officers of the law, and that
on one occasion in one of the alleys of the village

he had been interrogated as to his business and con-
duct he must have been put on notice that he was
under suspicion and was being watched.   It is also.
clear that this was not a hasty act, on suspicion, on
the part of the officer.   The record shows that the
officer had received information that Houck had
come into the village from Dayton, and he at once
started out to search for him.

When we consider Houck's known reputation as
a bootlegger, his attempts to conceal his identity
and that of his automobile, his alleged persistent
violations of the law, in transporting and selling
liquor, which had been reported to the officer, who
then knew the number of the automobile, and the
further fact that he was at the time in the act of
transporting liquor for sale, contrary to law, the act
of the marshal in raising the lid of the rear deck of
the automobile was not, under the circumstances as
shown by the record, such an unreasonable search
as to entitle him to the protection of the constitu-
tional provision.

From an examination of the two records it is ap-
parent the conviction in each case is based upon the
same state of facts, and on this evidence the court
assessed a fine in each case.   Both of the alleged
violations could have been charged in one affidavit.
*Hale* v. *State,* 58 Ohio St., 676; *State* v. *Schultz,* 96
Ohio St., 114, and *Mirar* v. *State,* decided January
25, 1922, by the court of appeals of Montgomery
county.

In *State* v. *Schultz, supra,* at page 120, the court
adopts the following rule from 1 Bishop's New
Criminal Procedure (2 ed.), Section 436:

"A statute often makes punishable the doing of
one thing *or* another, *or* another, sometimes thus

specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction _and_ where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them.''

Section 6212-17, General Code, provides:

''Any person who violates the provisions of this act for a first offense shall be fined not less than one hundred dollars nor more than one thousand dollars; for a second offense he shall be fined not less than three hundred dollars nor more than two thousand dollars; for a third and each subsequent offense, he shall be fined not less than five hundred dollars nor more than two thousand dollars and be imprisoned in the state penitentiary not less than one year nor more than five years.''

The clear intent of the legislature was to provide an increased penalty for subsequent and persistent violations of the act, as one penalty is provided for a first offense, a different penalty for a second offense, and still another for a third offense.

In the cases before us there could be but one penalty for the violation of the prohibition act, as both charges were as to one transaction, which constituted but one offense.

Had a plea in bar been interposed in the second trial it would have been the duty of the court to dismiss the case, but this question is not before us. All

that is before us is the separate record of two distinct charges and convictions.

Finding no prejudicial error, the judgments will, therefore, be affirmed.

*Judgments affirmed.*

Hamilton, P. J., Cushing and Buchwalter, JJ., concur.